Harper J.
delivered the opinion of the Court.
The case of Loker v. Antonio, 4 M’C. 175, has settled that a bail-bond given to á sheriff and his sucessors, passes to a successor without any assignment of the former sheriff. It is not doubted but that the principle of the decision extends to all official bonds taken by the sheriff. This is plain from the grounds on which the decision rests, namely, the act of assembly requiring sheriffs to turn over their books and papers to their successors in office. This applies equally to all books and papers which they hold as sheriffs. It was supposed, however, that being merely a bond for money, this could not be regarded as an official bond. 1 do not know of any case in England in which a sheriff could be officially required to take a mere bond for money. The case is different here. Under the several acts authorizing sales of real estate for partition, sales under attachment, and sales of mortgaged property, the sheriff is required to take bonds for money.' It is certain that there may be official bonds of this description; and we think that the bond in question being made payable to the sheriff or his successors, sufficiently purports to be such a one. It is not to be supposed that a sheriff will take in this form, or turn over to his successor a bond personal to himself. We think that we are bound by the case referred to, and that the motion to reverse the decision below, must be overruled.
Motion refused.
O’Neall J. concurred.
Johnson J. absent from indisposition.